STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 74-7-18 Vtec

| City of Burlington v Khamnei |
| --- |

## ENTRY REGARDING MOTION

Count 1, Municipal Enforcement (74-7-18 Vtec)

Title:          Motion for Reconsideration, Motion for Clarification, and Motion for Permission to File an Interlocutory Appeal (Motion 4)

Filer:          Chris Khamnei

Attorney:       Pro Se

Filed Date:     November 6, 2018

Response in Opposition filed on 11/26/2018 by Attorney Kimberlee J. Sturtevant for Plaintiff City of Burlington

**The motions are DENIED.**

The City of Burlington (City) brings the present enforcement action against Chris Khamnei, alleging various violations of its Comprehensive Development Ordinance at his 119 Spruce Street property in Burlington, Vermont. In an October 30, 2018 order, this Court denied Mr. Khamnei's motion to dismiss the City's action for failure to state a claim upon which relief can be granted. Mr. Khamnei requests that we reconsider that decision. If we deny his motion to reconsider, Mr. Khamnei requests permission to file an interlocutory appeal.[1]

We consider motions to reconsider an interlocutory order under the standards for motions to amend or alter a final judgment under V.R.C.P. 59(e). See, e.g., In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.). The Court has identified four basic grounds for granting such a motion: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." Id. at 10-11 (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1).

Such a motion is "committed to the court's sound discretion." Rubin v. Sterling, 164 Vt. 582, 588 (1996). The remedy is "extraordinary" and "should be used sparingly." In re Appeal of Berezniak, No. 171-9-03 Vtec, slip op. at 3-4 (Vt. Envtl. Ct. Apr. 6, 2007) (Wright, J.) (citation omitted). A Rule 59(e) motion is not an opportunity for the movant to reargue or express dissatisfaction with the Court's factual findings or legal conclusions and will be denied where it

---

[1] Mr. Khamnei also asks for clarification of a number of issues relevant to this matter. In so doing, he requests that this Court interpret terms and legal concepts and apply them to the facts of the case. We regard this request as a premature attempt to argue the merits. The questions he raises may be appropriate to a motion for summary judgment, but not to a motion to clarify. Mr. Khamnei's motion to clarify is **DENIED**.

repeats arguments previously heard and rejected. Town Clarendon v. Houlagans MC Corp. of VT, No. 131-10-17 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Aug. 24, 2018) (Walsh, J.) (citing 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2810.1).

Mr. Khamnei does not raise any new arguments in his motion. Nor does he allege that any of the four identified grounds for granting motions to reconsider apply. In deciding the underlying motion to dismiss, we were required to take all of the factual allegations in the City's complaint as true and assess whether "it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (quotation omitted). Mr. Khamnei supplements his factual allegations in his motion to reconsider, but fails to demonstrate why, taking all of the City's facts as true, the City has not stated a claim upon which relief can be granted. Mr. Khamnei merely attempts to reargue the motion to dismiss we decided on October 30, 2018. Further, his arguments regarding the merits of this case are premature. Accordingly, we **DENY** his motion to reconsider.

Because we decline to reconsider his motion to dismiss, Mr. Khamnei requests permission for an interlocutory appeal. This Court must grant a request to appeal an interlocutory order when the order "involves a controlling question of law" for which "there exists substantial ground for difference of opinion" and "an immediate appeal may materially advance the termination of the litigation." V.R.A.P. 5(b), applicable here through V.R.E.C.P. 5(k)(5); see also In re Pyramid Co. of Burlington, 141 Vt. 294, 300-02 (1982) (discussing interlocutory appeal standards). This standard is only met in "a narrow class of cases." Id. at 301.

Mr. Khamnei does not provide any argument or define the basis for his request for interlocutory review. Regardless, there is not substantial ground for differences of opinion over the applicability of Rule 12(b)(6) standards in this case or over the standards themselves.[2] "This case involves a 'routine application[] of well-settled legal standards to facts alleged in a complaint'" inappropriate for interlocutory appeal. Kent v. R.L. Vallee, Inc., No. 617-6-15 Cncv, slip op. at 3 (Vt. Super. Ct. July 21, 2016) (citing In re Text Messaging Antitrust Litig., 630 F.3d 622, 626 (7th Cir. 2010)) (denying interlocutory appeal for decision on Rule 12(b)(6) motion to dismiss).

For these reasons, we **DENY** Mr. Khamnei's request for permission for an interlocutory appeal. Under V.R.A.P. 5(b)(7), Mr. Khamnei has the right to appeal this decision to the Vermont Supreme Court within 14 days, subject to the requirements of that Rule.

So ordered.

Electronically signed on December 18, 2018 at 08:50 AM pursuant to V.R.E.F. 7(d).

_Tom Walsh_

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[2] To the extent Mr. Khamnei's motion alleges that the City's allegations of fact, taken as true, do not satisfy the 12(b)(6) standard, that is not a controlling question of law under V.R.A.P. 5(b). Mr. Khamnei is "merely arguing with this Court's application of [the] law to the facts in this particular case, and that is not an appropriate use of Rule 5(b)." Kent v. R.L. Vallee, Inc., No. 617-6-15 Cncv, slip op. at 1 (Vt. Super. Ct. July 21, 2016) (quoting U.S. ex rel. Elliot v. Brickman Grp. Ltd., LLC, 845 F. Supp. 2d 858, 867 (S.D. Ohio 2012)).

Notifications:
Kimberlee J. Sturtevant (ERN 4778), Attorney for Plaintiff City of Burlington
Defendant Chris Khamnei